

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00387-CR

_____

JEFFREY PAUL MAHANAY, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 355th District Court
Hood County, Texas[1]
Trial Court No. CR15887, Honorable Bryan T. Bufkin, Presiding

June 5, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Jeffrey Paul Mahanay, Jr., appeals from the trial court's judgment finding him guilty of continuous violence against the family[2] and sentencing him to a ten-year term of incarceration. Appellant's court-appointed appellate counsel filed a motion

_____

[1] This cause was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE ANN. § 25.11(a).

to withdraw supported by an *Anders*[3] brief.  We grant counsel's motion and affirm the judgment of the trial court.

In support of her motion to withdraw, counsel has certified that she has conducted a conscientious examination of the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated.  *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error.  In a letter to Appellant, counsel notified him of her motion to withdraw; provided him with a copy of the motion, *Anders* brief, and a copy of the appellate record; and informed him of his right to file a pro se response.  *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief).  By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief.  Appellant has not filed a response.  The State has not filed a brief.

By her *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous.  We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such issues.  *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim.

---

[3] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

2

App. 1969).  Following our careful review of the appellate record and counsel's brief, we conclude that there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.[4]

Judy C. Parker
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review.  *See* TEX. R. APP. P. 48.4.  This duty is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *In re Schulman*, 252 S.W.3d at 411 n.33.